## WAIVER OF LIMITATION AS TO STREET ASSESSMENT.

[Circuit Court of Hamilton County.]

R. H. THORNTON ET AL v. CITY OF CINCINNATI.

Decided, April 5, 1904.

*Street—Constitutional Limitation on Assessment for Improvement of —Effect of Petition for Improvement—Estoppel.*

1. The constitutional limitation as to the amount of as assessment for a street improvement may be waived by contract or by the conduct of the parties *in pais.*

2. A petition for a street improvement is without significance, if it does not give to the city the right to do more than could be done without it, and where a petition is not needed to confer jurisdiction, but its sole office is to avoid and surrender the constitutional limitation with reference to the amount of the assessment, the signers are estopped from setting up the limitation.

3. A trial court may hear evidence and find the amount of special benefits, and then say that up to this point we will not enjoin, but beyond it we will; but where the assessing board has made a finding of benefits and has fixed the assessment on that basis, such finding should not be lightly disturbed.

JELKE, J.; GIFFEN, J., and SWING, J., concur.

The petition to the Board of Administration under which this improvement was made reads as follows:

"We, the undersigned, owners of property represented by the feet front abutting upon Fairview avenue from the south end thereof to Straight street, hereby petition your honorable body for the improvement of said Fairview avenue between the points aforesaid, by asphalt pavement and granite curbs, the roadway to be forty feet in width, to such changed grade as your board may establish. And we respectively agree not to make any claim for the damages on account of such changed grade, and for the assessment for the whole cost of such improvement except fifty per cent. of the entire cost of the improvement and the cost of intersections, to be made and collected in ten (10) equal annual installments; and in case the bonds of the city are issued in anticipation of the assessment thus petitioned for, then that the interest on said bonds be collected in ten (10) installments, the same and in like manner as the assessment installments aforesaid, or that the interest installments be numbered and assessed according to the number of years the bonds may have to run.

"And in consideration of the city's making said improvement, we and each of us further agree with each other and with said city, and we jointly and severally bind ourselves, to pay such assessment irrespective of the number of owners of property signing this petition."

Counsel for the city claim that by reason of signing this petition the signers thereof are estopped from setting up any statutory or constitutional limitation on the amount of the assessment and from claiming that such assessment should be anything less than actual cost, or that the same exceeds the special benefits to their respective properties. Counsel for plaintiff's herein, signers of said petition, claim that they are not so estopped and rely upon the case of *Birdseye et al* v. *The Village of Clyde et al*, 61 O. S., 27. Special emphasis is laid upon the language of the Supreme Court on page 38:

"And it can hardly be supposed that the plaintiffs who signed the petition for the improvement intended thereby to donate their entire property to the public, or, what is practically the same thing, consent to an assessment that would amount to its confiscation. They evidently contemplated that some special

benefit would accrue to them from the construction of the improvement, which could not possibly be the case if the substantial value of their property were taken to pay the assessment laid down upon it. The petition must be construed in the light of this situation, and so as to effectuate the manifest intention of the parties.''

The improvement in the village of Clyde was made under a special act (90 O. L., Local, page 434), which among other things provides:

''Provided, however, that two-thirds of the cost for improvement and paving any street, and of constructing a sewer under such paved part, for which said street improvement fund shall be used, shall be assessed on the real estate bounding and abutting thereon, and according to the foot frontage of the real estate so bounding and abutting as provided by the laws of the state of Ohio.''

The Supreme Court expressly holds that the reference to ''the laws of the state of Ohio'' brings Revised Statutes, 2270, into contemplation and makes it part of the body of law applicable to the improvement in the village of Clyde. Revised Statutes, 2270, provides a limitation of twenty-five per centum of the tax value of the property on assessments.

The Supreme Court does not deny the application of the doctrine of estoppel in the Birdseye case, but says that the estoppel shall not extend beyond the *intention* which the court finds in the paper which the property owners signed. The court finds that said petition was signed with the limitation of Revised Statutes, 2270, in view.

The case of *Birdseye* v. *The Village of Clyde* went to the Supreme Court from the sixth circuit. That case came on for application before the judges of that circuit in the case of *Harriet A. Blair* v. *C. K. Cary*, 2 C. C.—N. S., 25, and in the course of their opinion the court, per Parker, J., say on page 37:

''It is urged by counsel for plaintiff in error that the case of *Birdseye* v. *Village of Clyde*, 61 O. S., 27, is in point here and has some influence upon the construction of this provision of Section 2272, Revised Statutes, but we can not so understand it, and we do not think that is true. In that case the act under con-

sideration was a special act for the city of Clyde, and it contained no limitation whatever; it did not contain a provision, as this section does, that the assessment should be a valid lien against the property, although it might exceed twenty-five per centum of the value; it contained no provision upon the subject.

"Our construction of the law was that that being the only act invoked (the petition being under the act), and it containing no limitation, there was no limitation, and that, therefore, they might disregard the twenty-five per cent. limitation fixed in Section 2270, Revised Statutes. The Supreme Court, however, took a different view; it held that in the absence of any express provision, the limitation fixed by Section 2270, Revised Statutes, should be read into it and be considered as a part of the act, and that for the protection of persons proceeding under that special act as well as others. But here we have a case of an express provision applicable to the city of Toledo to the effect that notwithstanding an assessment may exceed twenty-five per cent. of the value, it shall be valid as against persons signing the petition; and we think, therefore, that the plaintiff has no ground of complaint upon that score."

The improvement in the case at bar was either made under Revised Statutes, 2272, or under the general powers of a municipality to make improvements and assess the cost thereof not exceeding special benefits on the abutting property irrespective of special statutory provision.

Revised Statutes, 2272, provides:

"When a petition subscribed by three-fourths in interest of the owners of property abutting upon any street or highway of any description between designated points, is regularly presented to the council for the purpose, the cost of any improvement of such street or highway may be assessed and collected in equal annual installments, proportioned to the whole assessment in a manner to be indicated in the petition, or if not so indicated, then in the manner which may be fixed by council."

It is said that three-fourths of the abutting front feet have not joined and hence this improvement and assessment can not have been under Revised Statutes, 2272.

But the signers of the above petition have expressly estopped themselves from making this objection having agreed with the

city and each other "to pay such assessment irrespective of the number of owners of property signing the petition." Whether this improvement was made under Revised Statutes, 2272, or the city's general powers is all the same, because the objection here is that assessment beyond the special benefits is unconstitutional.

There is no doubt of this constitutional limitation, but this may be waived by contract, or parties by conduct *in pais* may estop themselves from setting it up. *State* v. *Mitchell.* 31 O. S., 592; *Tone* v. *Columbus,* 39 O. S., 281.

Now let us do here what the Supreme Court did in the Birdseye case, find out what the signers intended by what they said in the paper which they signed and then hold them bound by estoppel to that extent and no further. There is no ambiguity in what they said, they asked the city to make the improvement and said they would pay the whole cost thereof, less fifty per cent. and the cost of intersections. They said to the city we will be the arbiters of our own economy; we want this and we will pay for it, and we will take the chances and responsibility of our property being sufficiently specially benefited.

Else the petition would be a nullity and have no force and significance. The city could have done what the property owners say it could have done, without the petition as well as with it.

The petition in the Birdeye case had to be read with and have read into it the special law and all the other law which the special law drew into itself.

The petition in the case at bar was not needed to confer jurisdiction or power, its sole office was to avoid and surrender the constitutional limitation.

We find nothing in the case of *McGlynn* v. *Toledo,* 22 O. C. C., page 39, out of harmony with this conclusion. Hence we are of opinion that the signers of the petition in the case at bar are estopped from setting up the constitutional limitation of special benefits.

The assessment should be reduced by so much of the cost of intersections as was included therein.

*Albert T. Brown,* for plaintiff in error.

*John V. Campbell* and *Charles J. Hunt,* contra.